25-4099-DHH

## AFFIDAVIT OF DEPORTATION OFFICER CHRISTOPHER JORDAN IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Christopher Jordan, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Deportation Officer with the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") and have been so employed since January 20, 2019. I have successfully completed training programs in conducting criminal and administrative investigations at the Federal Law Enforcement Training Center in Brunswick, Georgia. I have a graduate certificate and bachelor's degree from the Southern New Hampshire University. I have served as a law enforcement officer for the last 6 years. My current duties as an ICE ERO Deportation Officer include, but are not limited to, conducting investigations involving foreign nationals who had previously been deported from the United States and are found unlawfully back in the United States. I know that it is a violation of Title 8, United States Code, Section 1326 to reenter the United States after deportation without having received the express consent of the Secretary of the Department of Homeland Security after that date.

2. The information contained in this affidavit is based upon information from my investigation, as well as information provided to me by other law enforcement agents and agencies, a review of criminal history records, and a review of documents from the Alien File #xxx-xxx-342 ("A-File") associated with an individual named Arsenio Heriverto Valladares, aka Arsenioheriperto Valladres, aka Arsenio Heriverto N Valladares, aka a name with the initials KOD ("VALLADARES"), DOB: xx/xx/1980.

3. This affidavit is submitted in support of a criminal complaint and arrest warrant charging VALLADARES with unlawful reentry of deported alien, in violation of Title 8, United

States Code, Sections 1326(a) and (b)(1). This affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint and arrest warrant. In submitting this affidavit, I have not included each and every fact known to me and other law enforcement officers concerning this investigation. Instead, it only contains facts sufficient to establish probable cause in support of a criminal complaint and the issuance of an arrest warrant.

## PROBABLE CAUSE

4. On or about September 1, 1988, VALLADARES entered the United States at or near San Diego, California without being inspected and admitted by a designated immigration officer.

5. I am aware that VALLADARES was charged and convicted of several offenses in various state courts before he came to the attention of immigration authorities, including: attempt to commit a crime (Somerville District Court, 1999), operating under the influence (Boston Municipal Court South Boston District, 2000), assault with a dangerous weapon and malicious destruction of property (Lynn District, 2003), threats (Lynn District, 2003), intimidation of a witness (Lynn District, 2003), larceny (Lynn District, 2004), and disorderly conduct and threats (Peabody District, 2006).

6. On or about October 4, 2006, immigration authorities became aware of VALLADARES' presence at the Essex County Sheriff's Office via an intake list and interviewed VALLADARES while he was in custody in Essex County. Immigration authorities determined that VALLADARES had no legal status in the United States and issued a detainer. The detainer was not honored.

7. Thereafter, VALLADARES was charged and convicted of various offenses, including: assault and battery, assault and battery on a police officer, resisting arrest, and disorderly conduct (Lynn District, 2007), assault and battery with a dangerous weapon (Lynn District, 2007),

breaking and entering in the daytime and assault and battery (Lynn District, 2007), and disorderly conduct (Lynn District, 2007).

8. On or about November 5, 2007, immigration authorities became aware of VALLADARES' presence at the Essex County Sheriff's Office via an intake list. On or about that same date, immigration authorities issued a detainer. On December 7, 2007, immigration authorities arrested VALLADARES and on December 8, 2007, served him with a Notice to Appear for removal proceedings.

9. On March 19, 2008, VALLADARES was ordered removed from the United States to El Salvador by an Immigration Judge in Boston, Massachusetts. The Immigration Judge denied VALLADARES' applications for asylum and withholding of removal under the Immigration and Nationality Act Section 241(b)(3). The Immigration Judge also denied VALLADARES' application for withholding of removal or deferral of removal under the Torture Convention.

10. On April 23, 2008, VALLADARES was removed from the United States to El Salvador. At the time of removal, his right index fingerprint, photograph, and signature were obtained.

11. Thereafter, on an unknown date and at an unknown location, VALLADARES reentered the United States without a designated immigration official inspecting and admitting him.

12. On November 25, 2024, the Massachusetts State Police arrested VALLADARES on charges of trespassing and assault and battery on a police officer, and he was charged in the Malden District Court. At the time of his arrest, VALLADARES was fingerprinted, his photo was taken, and he was videotaped. On or about that same date, immigration authorities received notice that its computer databases had been notified that the Massachusetts State Police had run

VALLADARES' fingerprints.[1]  VALLADARES was released prior to immigration authorities issuing a detainer.  VALLADARES is currently at large, and his criminal case remains pending.

13. On or about February 19, 2025, the HSI Laboratory attempted to compare a copy of VALLADARES' right index fingerprint that was taken at the time of VALLADARES' Warrant of Removal on March 27, 2008, with a copy of fingerprints taken from VALLADARES at the time of his arraignment in Malden District Court on November 25, 2024.  Upon visual examination, the HSI Laboratory determined that the fingerprint impression on VALLADARES' Warrant for Removal on March 27, 2008, was of insufficient clarity and quantity of ridge detail in corresponding areas for identification, and no comparison was conducted.[2]  However, VALLADARES provided the same name when arrested by Massachusetts State Police on November 25, 2004, as was listed on VALLADARES' Warrant for Removal on March 27, 2008. I reviewed the booking photo obtained by Massachusetts State Police on November 25, 2024, and the photo affixed to VALLADARES' Warrant of Removal on March 27, 2008, and believe they depict the same person.

---

[1] When a subject is arrested by a Law Enforcement Agency ("LEA") and they take a subject's fingerprints, those fingerprints are then submitted to the FBI database system ("CJIS").  These fingerprint results are then sent to DHS's Office of Biometric Identity Management ("OBIM"). OBIM maintains a biometric system called IDENT, which maintains fingerprint records on every alien's fingerprints that ICE, Customs and Border Protection, or U.S. Citizenship and Immigration Services has captured for whatever reason.  These prints are then assigned a FINS # (Fingerprint Identification Number System ("FINS")) which, like the FBI #, is unique to the individual.  The FBI prints and the IDENT prints are then automatically matched by comparing various points of the fingerprints friction ridge detail to establish a biometric match.

Once this match has been established, it is then automatically sent to the Law Enforcement Support Center ("LESC").  The LESC then creates a notification to the appropriate local field office that a police department has arrested someone whose fingerprints match a record in IDENT.  That notification appears to ICE in a system called ACRIMe (Alien Criminal Response Information Management System).  Detention and Removal Officers then review the notification and decide what action to take as appropriate.

[2] *See supra* n. 1.

14. On March 6, 2025, I reviewed the documents contained in VALLADARES' A-file and confirmed, among other things, that VALLADARES is a citizen and national of El Salvador. The A-file also contains the removal verification documents referenced above.

15. A review of VALLADARES' A-file also revealed no evidence that he has ever requested or received the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States following their deportation.

## CONCLUSION

16. Based on the foregoing facts, I submit there is probable cause to believe that on or about November 25, 2024, VALLADARES, being an alien and having been excluded, removed, or deported from the United States on or about April 23, 2008, was thereafter found in the United States without having received the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

*Christopher Jordan*
_____
CHRISTOPHER JORDAN
Detention and Deportation Officer
U.S. Immigration & Customs Enforcement

SWORN to telephonically in accordance with Fed. R. Crim. P. 4.1 on this date of March  13 , 2025.

9:47 a.m.

_____
HONORABLE DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE

5